UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESURANCE PROPERTY AND
CASUALTY INSURANCE COMPANY,

              Plaintiff,

v.

CARLA LAWSON and BRIAN
COURTNEY JOHNSON-WILLIS,

              Defendants.

_____/

Case No. 22-CV-10016

Paul D. Borman
United States District Judge

**OPINION AND ORDER GRANTING PLAINTIFF ESURANCE
PROPERTY AND CASUALTY INSURANCE COMPANY'S MOTION FOR
ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANTS CARLA
LAWSON AND BRIAN COURTNEY JOHNSON-WILLIS (ECF NO. 15)**

This is a declaratory judgment action brought by Plaintiff Esurance Property

and Casualty Insurance Company against Defendants Carla Lawson and Brian

Courtney Johnson-Willis. Plaintiff seeks a declaration from the Court that, because

Carla Lawson procured the Esurance Policy at issue by making affirmative

misrepresentations on the Application for automobile insurance regarding the

Subject Vehicle's garaging address and the drivers of the Subject Vehicle: (1) the

Esurance policy of insurance issued to Carla Lawson is void *ab initio* effective as of

the policy inception date of October 7, 2020; and (2) Esurance has no duty to defend

or indemnify Defendants Carla Lawson or Brian Courtney Johnson-Willis with

regard to any liability claims arising out of the October 11, 2020 motor vehicle accident that occurred when Johnson-Willis was driving the insured Subject Vehicle.

Now before the Court is Plaintiff's Motion for Default Judgment as to Defendants Lawson and Johnson-Willis. (ECF No. 15.) Defendants have failed to file an answer or otherwise defend this matter. Because the Court does not believe that oral argument will aid in its disposition of this motion, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

For the reasons that follow, the Court GRANTS Plaintiff's Motion for Default Judgment (ECF No. 15).

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

On October 7, 2020, Defendant Carla Lawson procured an automobile insurance policy with Plaintiff Esurance Property and Casualty Insurance Company (Esurance), policy number PAMI-008821911 (Esurance Policy). (ECF No. 4, Amended Complaint, ¶ 8, citing Ex. A, ECF No. 5, Esurance Policy, PageID.90-146.)

To procure the Esurance Policy, Lawson filled out and executed a Personal Automobile Insurance Application, which was submitted to Esurance on October 7, 2020. (Am. Compl. ¶ 9, citing Ex. B, ECF No. 5, Policy Application, PageID.148-

2

55.) Lawson stated on her Policy Application that the Esurance Policy address was 1180 Sturdevant Road, Kimball, Michigan 48074 (Policy Address). (Am. Compl. ¶ 10; Policy Application, PageID.148.) Lawson further certified in her Policy Application that she was the only "regular or occasional" driver of the vehicle listed on the Esurance Policy, a 2007 Chevrolet Uplander, VIN 1GNDV33197D169551 (the Subject Vehicle). (Policy Application, PageID.148-49.) Lawson's Esurance Policy was issued, and premiums were calculated, based on these representations regarding the Policy Address and the use of the Subject Vehicle. (Am. Compl. ¶ 11; Esurance Policy, PageID.91.)

On or about October 11, 2020, Defendant Johnson-Willis was operating the Subject Vehicle, carrying several passengers, on University Avenue near Warren Avenue in Detroit, Michigan, when he allegedly rear-ended a 2011 Honda Odyssey with six occupants. (Am. Compl. ¶ 12.) As a result of the accident, Plaintiff Esurance received claims for bodily injury pursuant to Mich. Comp. Laws § 500.3135, as the insurer of the owner of the Subject Vehicle. (*Id.* ¶ 13.)

Following the accident, Esurance conducted an investigation pursuant to the Esurance Policy terms and learned that the Subject Vehicle was not principally garaged at the Policy Address, but rather at an address in Detroit, Michigan. (Am. Compl. ¶ 15.) Moreover, Plaintiff learned that Defendant Johnson-Willis may have

3

been a regular operator of the Subject Vehicle, but he was not disclosed as a regular or occasional driver of that Vehicle. (*Id.* ¶¶ 16-17.) Plaintiff Esurance therefore asserts that Defendant Lawson made material misrepresentations to Plaintiff by failing to disclose and or concealing the correct garaging location and Policy Address of the Subject Vehicle, as well as all drivers of the Subject Vehicle. (*Id.* ¶ 17.)

### B.     Esurance Policy

Defendant Lawson's Esurance Policy provided, in relevant part:

**PART VI: GENERAL PROVISIONS APPLICABLE TO ALL COVERAGE**
***

**CHANGES**

1.     This policy, **"your"** application, the terms and conditions **"you"** have expressly agreed to, the **"Declarations page"**, and all endorsements issued by us, contain all agreements between **"you"** and us. Its terms may not be changed or waived except by a new policy or an endorsement issued by us.

2.     The premium for this policy is based on information we received from **"you"** or other sources. **"You"** agree to cooperate with us in determining if this information is correct and complete, and to notify us if it is incorrect, incomplete, or changes during the policy period.
A.     **"You"** must promptly notify us when:
(1) **"Your"** email, mailing, or home address changes;

4

(2) The principal garaging address of a **"covered auto"** changes;

\*\*\*

**B.**     The above changes, and other changes, including but not limited to, types and number of insured vehicles, coverages, deductibles, and limits may result in an adjustment of **"your"** premium.

**3.**     If a change resulting from provision 1 or 2 above requires a premium adjustment, we will make the premium adjustment in accordance with our rating rules.

\*\*\*

## FRAUD OR MISREPRESENTATION

This policy was issued in reliance upon the information provided on **"your"** insurance application. We may void this policy if **"you"** or an **"insured"** person:

**1.** Made incorrect statements or representations to us with regard to any material fact or circumstance;

**2.** Concealed or misrepresented any material fact or circumstance; or

**3.** Engaged in fraudulent conduct at the time of application.

We may void this policy due to fraud, misrepresentation, or an incorrect statement of a material fact in the application even after the occurrence of an **"accident"** or **"loss"**. This means that we will not be liable for any claims or damages that would otherwise be covered. If we void a policy in accordance with this provision it will be voided from its inception.

We do not provide coverage or benefits for any person who has made fraudulent statements or engaged in fraudulent conduct in connection with any **"accident"** or **"loss"** for which coverage or benefits are sought under this policy.

5

(Am. Compl. ¶ 19; ECF No. 5, Ex. A., Esurance Policy, PageID.123-24 (emphases in original).)

### C.   Procedural History

On January 4, 2022, Plaintiff Esurance filed its Complaint for Declaratory Judgment, against Defendants Carla Lawson and Brian Courtney Johnson-Willis. (ECF No. 1, Compl.)

Esurance then filed an Amended Complaint for Declaratory Judgment on January 13, 2022, pursuant to an Order to Show Cause Regarding Federal Subject Matter Jurisdiction, satisfying Esurance's burden to allege complete diversity of citizenship in this matter. (ECF No. 4, Am. Compl.; ECF No. 5, Exhibits.) Esurance contends that, as a result of Lawson's material misrepresentations made at the inception of the Policy on her Policy Application regarding the correct garaging location of the Subject Vehicle, as well as all drivers of the Subject Vehicle, the Policy, by its terms, is void *ab initio* as of the inception of the Policy. Plaintiff voided and rescinded the Policy and informed Defendants that Plaintiff has no duty to defend or indemnify Defendants Lawson and Willis-Johnson as it relates to the October 11, 2020 motor vehicle accident.

Esurance seeks a declaration from the Court that:

a.   There is no coverage, including liability coverage, personal protection insurance coverage, and uninsured/underinsured motorist coverage, under the Esurance Policy with respect to any Defendant;

b.   Plaintiff Esurance has no obligation to provide bodily injury liability coverage under the Esurance Policy;

c.   The Esurance Policy is void *ab initio* on the basis of Defendant Lawson's misrepresentations of material fact; and

d.   This Court grant to Plaintiff Esurance all other appropriate and equitable relief that this Court deems proper and just under the circumstances.

(Am. Compl., PageID.86-87.)

The Amended Complaint was personally served on Defendant Lawson on January 26, 2022 (ECF No. 8), and on Defendant Johnson-Willis on February 9, 2022 (ECF No. 7).

On February 17, 2022, Defendant Johnson-Willis filed, "[i]n regards to the summons in Civil Action No. 22-cv-10016," a letter request for appointment of counsel. (ECF No. 12.) On March 7, 2022, the Court entered an Order denying that letter request to appoint counsel and advising Defendant Johnson-Willis about the federal pro se legal assistance clinic. (ECF No. 12.)

Defendant Lawson failed to plead or otherwise respond to Esurance's Amended Complaint, and a Clerk's Entry of Default was entered against her on March 7, 2022. (ECF No. 11)

Defendant Johnson-Willis failed to further plead or otherwise respond to Esurance's Amended Complaint, and a Clerk's Entry of Default was entered against him on March 23, 2022. (ECF No. 14.)

To date, Defendants have not responded to or moved to set aside the defaults.

On August 29, 2022, Plaintiff filed the instant motion for default judgment against Defendants Lawson and Johnson-Willis. (ECF No. 15.) Plaintiff seeks entry of default judgment against Defendants and declaratory relief from the Court stating that:

1.   The policy of insurance issued to Carla Lawson is void *ab initio* effective as of the policy inception date of October 7, 2020; and

2.   Esurance has no duty to defend or indemnify Defendant Lawson or Defendant Johnson-Willis for any and all bodily injury claims arising out of the October 11, 2020 accident, including but not limited to *Dee Marqutta Wright v. Allstate Insurance Company, et al.*, Wayne County Circuit Court No. 21-015985-NF, and *Shantania Sly v. Allstate Insurance Company, et al.*, Wayne County Circuit Court No. 21-013760-NF.

(*Id.*)

8

Plaintiff has certified that its motion for default judgment was personally served on Defendant Lawson on September 2, 2022 (ECF No. 16), and personally served on Defendant Johnson-Willis on September 10, 2022 (ECF No. 17).

Defendants' responses to Plaintiff's motion for default judgment were due by September 19, 2022. No response has been filed by either Defendant.

## II.  LEGAL STANDARD

### A.    Motion for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure governs entry of judgment by default. Rule 55 requires that, in order to obtain judgment by default, the proponent must first request the Clerk's entry of default pursuant to Rule 55(a) when a party fails to defend an action as required. Once a default has been entered by the Clerk, the plaintiff's well-pleaded allegations are deemed admitted. *See, e.g.*, *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007); *Allstate Ins. Co. v. Cantrell Funeral Home Inc.*, 506 F. Supp. 3d 529, 540 (E.D. Mich. 2020). The plaintiff may then file for default judgment by the Clerk or by the court. Fed. R. Civ. P. 55(b).

When the plaintiff's complaint alleges damages for a sum certain, the Clerk "on plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing...." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply

to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). A default judgment may be entered without a hearing unless it is necessary to determine the amount of monetary damages, to establish the truth of any allegation by evidence, or to investigate any other matter. *Id.* The court must exercise "sound judicial discretion" when determining whether to enter the default judgment. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2685 (4th ed. 2022); *see also Cantrell Funeral Home*, 506 F. Supp. 3d at 541.

## B.     The Declaratory Judgment Act

Plaintiff here seeks a declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and the Declaratory Judgment Act, 28 U.S.C. § 2201. The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). The Act does not provide an independent basis for jurisdiction. Rather, it provides courts with discretion to fashion a remedy in cases where federal jurisdiction already exists. *Heydon v. MediaOne of Southeast Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). In the present matter, the jurisdiction of the Court to hear

Plaintiff's declaratory judgment action arises out of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*See* ECF No. 4, Am. Compl., ¶ 4.)

While this Court has jurisdiction under the Declaratory Judgment Act, the Supreme Court of the United States has explained that a district court is "under no compulsion to exercise that jurisdiction." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) ("[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites.") (citing *Brillhart*). Courts may use their discretion to determine whether they should exercise their jurisdiction to grant declaratory relief. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008).

In the Sixth Circuit, courts consider five factors (the "*Grand Trunk* factors") in deciding whether a case is appropriate for declaratory judgment:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

11

*Grand Trunk W. R.R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). The Sixth Circuit Court of Appeals further breaks down the fourth factor into three sub-factors:

> (1) [W]hether the underlying factual issues are important to an informed resolution of the case;
>
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (3) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common law or statutory law dictates a resolution of the declaratory judgment action.

*United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 396 (6th Cir. 2019) (alteration in original) (quoting *Flowers*, 513 F.3d at 560). The Sixth Circuit, however, has never indicated the relative weight of the factors, but instead states that "'[t]he relative weight of the underlying considerations of efficiency, fairness, and federalism will depend on facts of the case.'" *Id.* (quoting *Western World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014)). District courts are "afforded substantial discretion to exercise jurisdiction in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and [the] fitness of the case for resolution, are peculiarly within their grasp." *Id.* (internal quotation marks omitted).

## III. ANALYSIS

A clerk's entry of default in a Declaratory Judgment Act matter "is not a guarantee that a court's entry of default judgment is going to follow[,]" and "any potential risk of 'interference with the orderly and comprehensive disposition of a state court litigation' should be avoided." *Cantrell Funeral Home Inc.*, 506 F. Supp. 3d at 541 (citations omitted). The Court will first address Plaintiff's arguments for default judgment and then analyze whether it is appropriate to exercise jurisdiction over this matter under the Declaratory Judgment Act.

### A.     Default Judgment

Plaintiff Esurance argues that it is entitled to default judgment against Defendants Lawson and Johnson-Willis because they were each personally served with the Amended Complaint and both Defendants failed to answer or otherwise respond. The Clerk has properly entered a default against each Defendant, and as a result, all well-pleaded allegations in the Amended Complaint are deemed admitted. *See Thomas*, 489 F.3d at 299.

Thus, the Court can find that it is undisputed, as alleged in Plaintiff's Amended Complaint, that Lawson procured the Esurance Policy by affirmatively making material misrepresentations on her Application regarding the Subject Vehicle's garaging address and by certifying that she (Lawson) had exclusive use of

13

the Subject Vehicle. (ECF No. 4, Am. Compl. ¶¶ 16-18.) The Esurance Policy specifically states that it was "issued in reliance upon the information provided on **'your'** insurance application" and that Esurance may "void this policy due to fraud, misrepresentation, or an incorrect statement of a material fact in the application even after the occurrence of an **'accident'** or **'loss'**." (*Id.* ¶ 19, citing ECF No. 5, Policy, PageID.124 (emphases in original).) The Esurance Policy explicitly states that Esurance will "not provide coverage or benefits for any person who has made fraudulent statements or engaged in fraudulent conduct in connection with any **'accident'** or **'loss'** for which coverage or benefits are sought under this policy." (*Id.* (emphases in original).)

As Plaintiff explains in its motion for default judgment, under Michigan law, insurance policies are contracts and, in the absence of an applicable statute, are "subject to the same contract construction principles that apply to any other species of contract." *Rory v. Continental Ins. Co.*, 473 Mich. 457, 461 (2005). And, as insurance policies are contracts, common law defenses, including fraud, may be invoked to avoid enforcement of an insurance policy, unless those defenses are prohibited by statute. *Titan Ins. Co. v. Hyten*, 491 Mich. 547, 554-55 (2012). "Michigan's contract law recognizes several interrelated but distinct common-law doctrines—loosely aggregated under the rubric of 'fraud'—that may entitle a party

14

to a legal or equitable remedy if a contract is obtained as a result of fraud or misrepresentation. These doctrines include actionable fraud, also known as fraudulent misrepresentation; innocent misrepresentation; and silent fraud, also known as fraudulent concealment." *Id.* at 555. Applying these common law principles, the Michigan Supreme Court has held that:

> an insurer may seek to avoid liability under an insurance policy using traditional legal and equitable remedies including cancellation, rescission, or reformation, on the ground of fraud made in an application for insurance, notwithstanding that the fraud may have been easily ascertainable and the claimant is a third party. This rule is consistent with Michigan's well-settled understanding of fraud.

*Titan Ins. Co.*, 491 Mich. at 472-73; *see also Bazzi v. Sentinel Ins. Co.*, 502 Mich. 390, 407 (2018) (stating that "an insurer has a reasonable right to expect honesty in the application for insurance, and there is nothing in the no-fault act that indicates that the reasonable expectations of an innocent third party surmount the reasonable expectations of the insurer").

Thus, accepting as true the well-pleaded allegations in Plaintiff's Amended Complaint, the Court finds that Lawson made material misrepresentations on the Application for insurance related to the garaging location and drivers of the Subject Vehicle, with the intent to induce reliance from Plaintiff to provide automobile insurance coverage. (ECF No. 4, Am. Compl. ¶¶ 20-21.) Plaintiff relied on Lawson's

assertions and issued the Esurance Policy to Lawson. (*Id.* ¶ 22.) Pursuant to the terms of the Esurance Policy, Lawson's material misrepresentations rendered the Policy void *ab initio* from its October 7, 2020 inception. (*Id.* ¶¶ 19, 23; Esurance Policy, PageID.124.) Therefore, the Court finds that Plaintiff has no duty to defend or indemnify Defendants Lawson or Johnson-Willis and that Plaintiff is entitled to default judgment against both Defendants. *See State Farm Fire & Cas. Co. v. Wallace*, No. 12-14479, 2013 WL 1843965, at *3 (E.D. Mich. Apr. 3, 2013) (collecting cases finding that the plaintiff was entitled to a default judgment where plaintiff sought a declaration that it had no duty to defend or indemnify its insured), *report and recommendation adopted*, 2013 WL 1843951 (E.D. Mich. Apr. 30, 2013).

However, the Court's analysis of whether to enter default judgment does not conclude here, because, as stated above, "[a] clerk's entry of default is not a guarantee that a court's entry of default judgment is going to follow in suit arising under the Declaratory Judgment Act." *Cantrell Funeral Home*, 506 F. Supp. 3d at 541 (citations omitted).

## B.    Declaratory Judgment

When a party seeks relief under the Declaratory Judgment Act, the Court must be mindful to avoid "[g]ratuitous interference with the orderly and comprehensive

16

disposition of a state court litigation." *Brillhart*, 316 U.S. at 495. That is, prior to granting declaratory relief and entering default judgment, the Court must also determine whether it should exercise its jurisdiction under the *Grand Trunk* factors discussed above. Though not addressed by Plaintiff in its Motion for Default Judgment, the Court will consider those five *Grand Trunk* factors here and finds that jurisdiction is appropriate. *See Grand Trunk*, 746 F.2d at 326 (listing the relevant factors).

The first and second *Grand Trunk* factors – whether the declaratory action would settle the controversy and whether it would serve a useful purpose in clarifying the legal relations in issue – are closely related. *Cantrell Funeral Home*, 506 F. Supp. 3d at 544. As to these first two *Grand Trunk* factors, the Court finds that a declaration that the Esurance Policy is void *ab initio* and that Esurance has no duty to defend or indemnify Defendants would settle the scope of insurance coverage and the insurance indemnity obligations of Plaintiff to Defendants, and thus settle the dispute between the parties and serve a useful purpose in clarifying the legal relations in issue. *See Cole's Place, Inc.*, 936 F.3d at 397 (noting that "most recent decisions have held that district courts do not abuse their discretion in concluding that a declaratory judgment would settle the controversy by resolving the issue of indemnity") (collecting cases).

17

In addition, this Court's ruling would not impair the state court's analysis in the two cases related to the October 11, 2020 accident that are identified by Plaintiff in its motion – *Dee Dee Marqutta Wright v. Allstate Insurance Company, et al.*, Wayne County Circuit Court No. 21-015985-NF, and *Shantania Sly v. Allstate Insurance Company, et al.*, Wayne County Circuit Court No. 21-013760-NF – because Plaintiff Esurance is not a party to those proceedings. *See Cantrell Funeral Home*, 506 F. Supp. 3d at 544 (noting that, because plaintiff is not a party to the state court proceedings, the Court's determination of the legal relationship between plaintiff and defendants "should not complicate the state court's analysis of liability issues"). Thus, the Court finds that the first and second *Grand Trunk* factors weigh in favor of exercising jurisdiction.

The third *Grand Trunk* factor evaluates whether a party's request for declaratory judgment is motivated by "procedural fencing" or is likely to create a race for res judicata. *Grand Trunk*, 746 F.2d at 326. This factor "is meant to preclude jurisdiction for declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by natural plaintiff and who seem to have done so for the purpose of acquiring a favorable forum." *Esurance Prop. & Cas. Ins. Co. v. Johnson*, No. 16-cv-11880, 2017 WL 3272157, at *3 (E.D. Mich. Apr. 20, 2017) (internal citations omitted). When a plaintiff files its claim for declaratory relief after a state

18

court litigation has begun, courts generally give that plaintiff the benefit of the doubt that no improper motive fueled the filing of the declaratory judgment action. *See Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 814 (6th Cir. 2004).

Here, Plaintiff filed the instant action on January 4, 2022, after the filing of the two state court lawsuits identified above in October and November 2021. "Filing a declaratory judgment action in a forum separate from the underlying litigation is not considered improper by itself." *Massachusetts Bay Ins. Co. v. Christian Funeral Directors, Inc.*, 759 F. App'x 431, 439 (6th Cir. 2018) (citing *Flowers*, 513 F.3d at 558). Moreover, Defendants have not taken any steps in this action to oppose Plaintiff's requested relief. There is no allegation or suspicion of "procedural fencing" or a "race for res judicata" here, and this third factor weighs in favor of this Court's exercise of jurisdiction.

Next, the Court must determine whether exercising jurisdiction over this case would increase friction between federal and state courts and improperly encroach on state jurisdiction. *See Grand Trunk*, 746 F.2d at 326 (discussing the fourth factor). Although there is some potential for increased friction between the federal and state courts by exercising jurisdiction (since matters of insurance are generally left to state courts), the Court finds that this fourth factor does not weigh heavily under the facts of this case, given that Defendants have defaulted and therefore are deemed to have

admitted the factual allegations in the Complaint, and that Esurance is not a party to the State Court lawsuits, *Dee Dee Marqutta Wright v Allstate Insurance Company, et al.*, Wayne County Circuit Court No. 21-015985-NF, and *Shantania Sly v Allstate Insurance Company, et al*., Wayne County Circuit Court No. 21-013760-NF. *See Cantrell Funeral Home*, 506 F. Supp. 3d at 545 ("The mere existence of a state court proceeding … is not determinative of improper federal encroachment upon state jurisdiction.") (citation omitted). There is no indication that the state court is considering the issues presented in the instant matter in either of the underlying state court lawsuits at this time. Thus, this fourth factor weighs in favor of the exercise of jurisdiction.

Finally, the fifth *Grand Trunk* factor evaluates the availability of an alternative remedy which is better or more effective than federal declaratory relief. *See Grand Trunk*, 746 F.2d at 326. Although Plaintiff could seek a declaratory judgment action in state court (and in fact did previously file an action against the same two Defendants in state court on November 11, 2021 – *Esurance Property and Casualty Insurance Company v. Carla Lawson and Brian Courtney Johnson-Willis*, Wayne County Circuit Court No. 21-015682-CK – which case was voluntarily dismissed on December 21, 2021), "it is not clear whether such alternative remedies are better or more effective than a federal declaratory action." *Scottsdale Ins. Co.*,

513 F.3d at 562. And, "Defendants, in choosing not to file an answer or otherwise defend this matter, do not argue that a state court declaratory judgment action would be better or more effective than a federal court declaratory judgment action." *Cantrell Funeral Home*, 506 F. Supp. 3d at 545-46 (citation omitted). The Court therefore finds that this fifth factor does not cut against the exercise of this Court's jurisdiction.

Therefore, balancing all five factors together, under the factual and procedural posture of this case, the Court finds that the factors weigh in favor of exercising the Court's jurisdiction. The Court grants Plaintiff's motion for default judgment, and its requested declaratory relief as to Defendants Lawson and Johnson-Willis..

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment (ECF No. 15) is **GRANTED**.

IT IS FURTHER ORDERED that the Clerk of Court shall enter a declaratory judgment in favor of Plaintiff Esurance Property and Casualty Insurance Company and against Defendants Carla Lawson and Brian Courtney Johnson-Willis:

1.   That the policy of insurance issued by Plaintiff to Carla Lawson is void *ab initio* effective as of the policy inception date of October 7, 2020; and

21

2.    That Esurance has no duty to defend or indemnify Defendant Carla Lawson or Defendant Brian Courtney Johnson-Willis for any and all bodily injury claims arising out of the October 11, 2020 accident, including but not limited to *Dee Dee Marqutta Wright v. Allstate Insurance Company, et al.*, Wayne County Circuit Court No. 21-015985-NF, and *Shantania Sly v. Allstate Insurance Company, et al.*, Wayne County Circuit Court No. 21-013760-NF.

IT IS SO ORDERED.

s/Paul D. Borman

Dated: October 13, 2022

Paul D. Borman
United States District Judge